# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| STEVEN M. BULLARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10-3083-CV-S-GAF |
| | ) |
| STANDARD INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Presently before the Court is Defendant Standard Insurance Company's ("Defendant") Motion for Judgment on the Pleadings, incorrectly labeled as a Motion to Dismiss. (Doc. # 14). Defendant argues Plaintiff Steven M. Bullard's ("Plaintiff") claims are preempted by Section 514 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1144, and therefore, his Complaint should be dismissed in its entirety. (Docs. ## 14-15). For the following reasons, Defendant's Motion is **DENIED.**

## DISCUSSION

**I.    Facts**

On November 2, 2009, Plaintiff filed the above-captioned case in the Circuit Court of Greene County, Missouri, alleging Defendant breached a Disability Income Insurance Policy (the "Policy") and vexatiously refused to pay Plaintiff's claim under the Policy. (Doc. # 1-1). Thereafter, Plaintiff amended his petition on March 4, 2010, asserting the same claims but increasing the damages sought to an amount exceeding $75,000.00. (Doc. # 1-2). Plaintiff attached a copy of the Policy to his Amended Petition. *Id.* On March 10, 2010, Defendant removed the action to this Court based on diversity jurisdiction. (Doc. # 1).

After answering Plaintiff's Amended Petition, Defendant filed the pending Motion, arguing Plaintiff's claims are preempted by Section 514 of ERISA, and therefore, fail as a matter of law. (Docs. ## 14-15). In doing so, Defendant refers the Court to a document entitled "BKD LLP Disability Income Benefit Plan" (the "Plan"). *Id.* The Plan states that it is for the benefit of BKD's employees who meet the Plan's eligibility rules, and it "provides disability income benefits for covered disabilities . . . by means of an individual disability income policy (IDI Policy) issued by [Defendant]." (Plan, p. 1). BKD LLP ("BKD") is named as the Plan Sponsor and Plan Administrator. *Id.* In these capacities, BKD was required to give Plan participants a copy of the summary annual financial report; supervise the Plan; and provide Defendant's claim forms to participants wishing to file a claim. *Id.* at pp. 2, 4. Under the terms of the Plan, BKD could amend, suspend, or terminate the Plan, but regardless of BKD's actions, once a participant elected to enter into a policy, he had "the right to continue [his] IDI Policy in force according to its terms." *Id.* at p. 5. BKD could not terminate the Policy; only Plaintiff or Defendant could do so. *Id.* All other authority to determine insurance eligibility, entitlement to benefits, benefit amount, policy interpretation, and rules and procedures of the claims process was reserved for Defendant. *Id.* at p. 4.

In his opposition brief, Plaintiff contends he was a partner at BKD and not its employee, and only partners were allowed to participate in the Plan. (Doc. # 25). However, Plaintiff does not make these assertions in his Amended Petition. (Doc. # 1-2).

**II.     Standard**

A motion for judgment on the pleadings filed pursuant to Fed. R. Civ. P. 12(c) is examined under the same standard as a motion to dismiss for failure to state a claim. *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009). The Court views all facts pleaded by the nonmoving party as true and grants all reasonable inferences in favor of that party. *Poehl v. Countrywide Home Loans, Inc.*,

2

528 F.3d 1093, 1096 (8th Cir. 2008). "A grant of judgment on the pleadings is appropriate 'where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002)). Although great detail is not required, the facts alleged must state a claim that is plausible on its face and "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (retiring the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41 (1957)).

## III. Analysis

Granting all reasonable inferences from the pleadings and those documents embraced by them in favor of Plaintiff, it could be found that the Plan falls within the Safe Harbor provision of ERISA; thus, the state law claims could survive. Under the Safe Harbor provision, ERISA does not apply to a group or group-type insurance program if the following conditions are met:

(1) No contributions are made by an employer or employee organization;

(2) Participation [sic] the program is completely voluntary for employees or members;

(3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and

(4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-1(j). The parties agree conditions (1), (2), and (4) are met, but dispute the third requirement. Based on the explicit terms of the Plan, BKD's role is minimal; BKD appears limited to performing only administrative tasks. All decisions affecting whether benefits will be paid are exclusively within Defendant's authority. The Policy provides that Defendant has the full and

exclusive authority to control and manage the Policy, interpret it, and administer claims. Given this, a reasonable inference that the third condition of the Safe Harbor provision is satisfied could be made. *See Johnson v. Watts Regulator Co.*, 63 F.3d 1129, 1136 (1st Cir. 1995) (finding the Safe Harbor provision is met where the employer performed only administrative tasks and had no hand in drafting the plan, working out its structural components, determining eligibility for coverage, interpreting policy language, investigating claims, allowing or disallowing claims, handling litigation, or negotiating settlements). Accordingly, Defendant's Motion is **DENIED**.

Even if it was found ERISA applied, the Court would be reticent to dismiss Plaintiff's lawsuit. Under the doctrine of complete preemption, a state law claim is converted into one stating a federal claim. *Estes v. Fed. Express Corp.*, 417 F.3d 870, 872-73 (8th Cir. 2005). "In such a situation, the federal law so occupies the field that any complaint alleging facts that come within the statute's scope necessarily 'arises under' federal law, even if the plaintiff pleads a state-law claim only." *Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1144 (8th Cir. 1992). "It is not just that a pre-emption defense is present; the claim is completely federal from the beginning." *Id.* State law claims relating to an employee benefit plan are completely preempted by ERISA. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66-67 (1987). Because of this rule of law, rather than dismiss Plaintiff's action, the Court would likely grant leave to amend his complaint to conform to ERISA's civil enforcement scheme.[1]

**IT IS SO ORDERED.**

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED: June 18, 2010

---

[1] Should Plaintiff wish to amend his complaint to state a claim pursuant to ERISA, he may seek leave to do so.